UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4561

GUY MITCHELL THOMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Irene M. Keeley, District Judge.
(CR-96-4)

Submitted: August 31, 1999

Decided: October 26, 1999

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christy Hardin Smith, FOLICKMAN & SMITH, L.L.C., Fairmont,
West Virginia, for Appellant. David E. Godwin, United States Attor-
ney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Guy Mitchell Thomas pled guilty to one count of aiding and abetting in the distribution of cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994). Thomas contends that the district court erred by (1) finding that he was responsible for 963 grams of cocaine and 396 grams of crack cocaine, and (2) denying a reduction in the base offense level for acceptance of responsibility.* Finding no reversible error, we affirm.

We review a district court's findings on the amount of drugs attributed to the defendant for sentencing purposes for clear error. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998) (No. 97-9085). The "government need only prove the amounts involved by a preponderance of the evidence." United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). The district court is afforded "broad discretion" as to "what information to credit" in making its calculations. United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). If resolution of a disputed issue turns on the court's assessment of credibility, we will only disturb the credibility finding if it is clearly erroneous. See United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992).

We find that the district court properly relied on the testimony of those persons at the sentencing hearing who testified that they made trips to Philadelphia for the purpose of purchasing drugs for Thomas. Furthermore, there was no error in approximating the total amount of drugs purchased in twenty trips to Philadelphia based on the amount of drugs purchased during five trips to Philadelphia. The court may

_____

*In his appellate brief, Thomas contends under the "Summary of Argument" section that the district court erred by enhancing his base offense level for being a manager. However, Thomas fails to expand or even mention this contention in the "Argument" section. Because Thomas did not assert any argument supporting this issue, the issue is considered abandoned. See Fed. R. App. P. 28(a)(9)(A); 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir. 1995).

2

rely on evidence that demonstrates a "sufficient indicia of reliability to support its probable accuracy." U.S. Sentencing Guidelines Manual § 6A1.3(a), p.s. (1995); see United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992).

We also review the district court's determination not to reduce the base offense level for acceptance of responsibility for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). "The district court `is in a unique position to evaluate a defendant's acceptance of responsibility,' and its determination `is entitled to great deference on review.'" Id. (quoting USSG § 3E1.1, comment. (n.5)). In order to receive the reduction for acceptance of responsibility a defendant must "affirmatively accept[ ] personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 comment. (n.1).

The district court's finding that Thomas was not credible with regard to his contention that his involvement in the drug dealing operation was significantly less than demonstrated by the testimony of others was not clearly erroneous. The court found other witnesses to be more credible. Because this finding is not clearly erroneous, it will not be disturbed on appeal.

We affirm Thomas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3