**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4036

WILLIAM JUNIOR ANDERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-97-110)

Submitted: December 14, 1999

Decided: December 29, 1999

Before NIEMEYER and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Gretchen C. F. Shappert, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted William Junior Anderson of (1) conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana; (2) possession with intent to distribute marijuana and aiding and abetting; and (3) use of a firearm during and in relation to a drug trafficking crime. The district court sentenced Anderson to life imprisonment on the two drug charges and a five year consecutive term of imprisonment on the firearm charge. Anderson appeals, alleging the district court incorrectly admitted a jailhouse confession he gave to another inmate and erroneously attributed to him at sentencing a murder and drug quantities from other conspiracies. We affirm.

Anderson alleges his Sixth Amendment right to counsel was violated when the district court admitted at trial his post-indictment jailhouse confession. Although Anderson initially objected to admission of this evidence, the trial transcript reveals he quickly abandoned the objection and assented to admission of the evidence. Finding Anderson failed to properly object and preserve this issue for appeal, our review is for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995).

We find the district court did not commit error by admitting into evidence Anderson's confession to a fellow inmate. There was no proof that the Government deliberately elicited the incriminating statements or in any way recruited the witness to collect information from Anderson. See United States v. Love, 134 F.3d 595, 604 (4th Cir. 1998), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998) (No. 97-9085). Accordingly, we find Anderson's Sixth Amendment claim to be without merit.

Anderson next argues that the murder of Cade Aldridge was erroneously attributed to him at sentencing. A district court's factual determination regarding the Sentencing Guidelines is reviewed for clear error. See United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996). "If the court's findings may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal." United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997).

2

A sentence for a drug conspiracy conviction or drug possession conviction is determined pursuant to § 2D1.1 of the U.S. Sentencing Guidelines Manual. That section cross-references§ 2A1.1, which provides a base offense level of 43 when a victim is killed under circumstances that would constitute murder under 18 U.S.C.A. § 1111 (West 1984 & Supp. 1999).* Anderson's two drug convictions fell under USSG § 2D1.1.

The evidence produced at Anderson's trial established that Anderson and three other individuals, who were named co-defendants, devised a plan to rob Aldridge of money and marijuana. The plan was executed by Anderson and the three individuals. While Anderson and one of the co-defendants were in Aldridge's residence stealing money and marijuana, Aldridge appeared and Anderson shot and killed him. The trial testimony further revealed that Anderson admitted to his co-defendants and a cell-mate that he had shot Aldridge and had taken the shell casing from the scene of the crime so that he could not be linked to the shooting. The evidence further established that two of the co-defendants with whom Anderson planned and carried out the robbery were also involved with him in the drug conspiracy for which he was convicted.

These underlying facts were contained in the presentence report (PSR) and were the basis of the PSR's recommendation that the cross-referenced § 2A1.1 be utilized. The district court adopted the PSR's factual findings and Guidelines' application and sentenced Anderson to life imprisonment on one of the drug charges, five years' imprisonment on the other drug charge, concurrent to the life imprisonment, and a consecutive five year term of imprisonment on the firearm charge.

A review of the trial transcript reveals that the district court's findings, as contained in the PSR, are supported by a preponderance of the evidence. We therefore find that the district court's finding that Aldridge's death warranted application of USSG § 2A1.1, which resulted in a sentence of life imprisonment, was not clearly erroneous.

_____

*"Murder is the unlawful killing of a human being with malice aforethought. Every murder . . . committed in the perpetration of . . . burglary, or robbery . . . is murder in the first degree." 18 U.S.C.A. § 1111(a).

3

We decline to address Anderson's claim that the district court erroneously attributed to him drug quantities from other conspiracies in which he denies involvement. The Sentencing Guidelines provided for a base offense level of 43 for the murder of Aldridge without consideration of other relevant conduct under § 2A1.1. Thus, any calculation of drug quantity by the district court had no impact on Anderson's sentence.

We therefore affirm Anderson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4