UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTIONE PEOPLES, a/k/a Antoine
Peoples,

*Defendant-Appellant.*

No. 00-4588

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-100)

Submitted: January 16, 2001

Decided: February 9, 2001

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

   Antione Peoples appeals his sentence of ten years' imprisonment following his conviction, pursuant to a guilty plea, of possessing a firearm after having been convicted of a felony. Peoples objects to the application of a four-level enhancement for possessing a firearm in connection with a felony, a two-level enhancement for obstruction of justice, and the district court's refusal to credit him with a three-level downward adjustment for acceptance of responsibility. We review factual findings made by the district court in connection with a sentencing decision for clear error while legal interpretations of the guidelines are reviewed de novo. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989); *see also United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). We have reviewed the briefs, the record, and the district court's judgment, and finding no reversible error, we affirm.

   Peoples was found to possess a loaded handgun and cocaine base in the course of an encounter with police officers following a lawful traffic stop. Peoples pleaded guilty to possession of a firearm after being convicted of a felony. At the sentencing hearing, Peoples' brother testified that he had briefly given the firearm to Peoples to hold and that Peoples' possession of the firearm was merely coincidental. While this testimony, if accepted, might have supported an argument that the four-level sentencing enhancement under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (1998) was inapplicable, the district court found Peoples' brother's version of events to be unbelievable. The district court accordingly concluded that Peoples possessed the firearm "in connection with" his possession of the cocaine base and applied the four-level enhancement. Peoples' sentence was also enhanced two-levels for obstruction of justice. Credit for acceptance of responsibility was denied.

We have reviewed the record and find that the four-level enhancement under § 2K2.1(b)(5) was not reversible error. *See United States v. Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996). Similarly, we find that the district court did not clearly err in the application of the enhancement for obstruction of justice and denial of credit for acceptance of responsibility. We therefore affirm Peoples' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*