**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5673

SCOTT NALE,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-50108)

Argued: September 27, 1996

Decided: December 3, 1996

Before MURNAGHAN, Circuit Judge, SMITH, United States
District Judge for the Eastern District of Virginia, sitting by
designation, and MICHAEL, Senior United States District Judge for
the Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Murnaghan wrote the opinion,
in which Judge Smith and Senior Judge Michael joined.

_____

**COUNSEL**

**COUNSEL:** William Carroll Gallagher, CASSIDY, MYERS,
COGAN, VOEGELIN & TENNANT, L.C., Wheeling, West Virginia,
for Appellant. Thomas Oliver Mucklow, OFFICE OF THE UNITED
STATES ATTORNEY, Wheeling, West Virginia, for Appellee. **ON**

**BRIEF:** William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

## OPINION

MURNAGHAN, Circuit Judge:

A Grand Jury returned a four count indictment against Scott Nale for 1) carjacking, in violation of 18 U.S.C. § 2119; 2) using and carrying a firearm in connection with the carjacking offense in violation of 18 U.S.C. § 924(c)(1); 3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and 4) possession and transportation of a stolen firearm in interstate commerce in violation of 18 U.S.C. § 922(i).

Nale entered into a plea agreement and pled guilty to counts one, two, and three. Nale was sentenced to 168 months imprisonment on count one; 60 months on count two to be served consecutively; and 120 months on count three to be served concurrently with count one. Nale challenges his sentence claiming the trial court erroneously applied the United States Sentencing Guidelines ("U.S.S.G.").**1**

## I. BACKGROUND

Scott Nale was a former boyfriend of Kimberly Wood. On July 11, 1994, Kimberly Wood and her boyfriend, Steven Cool, returned to Wood's home. Wood was driving Cool's vehicle. As they pulled into the driveway, both Cool and Wood noticed Scott Nale standing in front of the vehicle carrying a firearm. Nale ordered Cool to move over and Nale got in the truck.

Nale pointed the gun at Cool's ribs and instructed Wood to drive up the road a short distance. After a brief drive, Nale ordered Wood

_____

**1** We use the November 1993 version of the Sentencing Guidelines, the version in effect at the time of the instant crimes, in determining the sentences in the instant case. See U.S.S.G.§ 1B1.11(b).

2

to stop the vehicle and instructed Cool to accompany him into the woods. They retrieved several gym bags that were filled with clothes and other personal items taken from Wood's home. Nale then ordered Cool back into the vehicle and ordered Wood to keep driving. After a time, Nale ordered Cool to exit the vehicle. Wood then drove away and Cool called the police.

Nale and Wood made some small purchases at a store in Pennsylvania; thereafter, Nale began to drive the truck. Nale and Wood stopped at a picnic area and Nale got out of the vehicle. Wood remained in the truck and tried to escape by fleeing in the truck. Wood had problems getting the truck started, and Nale broke the truck's window and prevented Wood from escaping. Nale then ordered Wood to put on long pants. While she was changing, he forced her into the front seat of the truck and forced sexual intercourse upon her. After the assault, Wood noticed a firearm in Nale's hand. He asked her to kill him.

Nale kept the handgun and drove to Blackwater Falls. He got a room for him and Wood for the night. Two days later they stopped at Cathedral State Park. Wood used the restroom at the park and notified a park worker in the restroom that she had been abducted. Soon thereafter, sheriff's deputies arrived and apprehended Nale.

Nale pled guilty to the first three counts of the indictment. On count one, the carjacking charge, the trial court relied upon § 2B3.1 of the Sentencing Guidelines, the section pertaining to robbery, to set Nale's sentencing level. Section 2B3.1 provides for a base sentencing level of twenty for robbery and an enhancement of two levels if the offense involved carjacking. U.S.S.G. § 2B3.1 (b)(1)(B). The trial court further enhanced Nale's sentence by four levels since Cool and Wood were abducted to facilitate the commission of the offense. U.S.S.G. § 2B3.1 (b)(4)(A).[2]

_____

[2] Nale was sentenced to 60 months on count two for using and carrying a firearm in connection with the carjacking under 18 U.S.C. § 924(c). The mandatory sentence for violating § 924(c) is five years which must run consecutively with any other sentence.

3

In addition, the trial court sentenced Nale to 120 months on count three, possession of a firearm by a convicted felon. The Sentencing Guidelines provide for a sentence enhancement if the defendant used or possessed the firearm in connection with the commission of another offense. U.S.S.G. § 2K2.1(c)(1). The trial court determined that a firearm was used in connection with the sexual assault of Wood, and enhanced Nale's sentence by four levels.

At sentencing, the trial court determined that Nale had not admitted the conduct comprising the offenses of conviction. Therefore, Nale was not entitled to a reduction for acceptance of responsibility.

The district court correctly applied the Sentencing Guidelines, and the judgment of the district court is affirmed.

## II. DISCUSSION

In reviewing a trial court's determination regarding the Sentencing Guidelines, the appellate court must give deference to the district court's decision. The amount of deference due a sentencing judge's application of the guidelines to a specific set of facts depends upon whether the issue is primarily a factual or legal one. If the court is reviewing a factual determination, the court should only overturn the trial court's determination if the decision is clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). If the issue turns primarily on the legal interpretation of the guidelines, our review is de novo. United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). On mixed questions of law and fact regarding the Sentencing Guidelines, we apply a due deference standard in reviewing the district court. Daughtrey, 874 F.2d at 217.

### A. Enhancement of Nale's Sentence for an Abduction to Facilitate a Carjacking

The district court enhanced Nale's sentence by four levels because an individual, Steven Cool, was abducted to facilitate the commission of the offense. Under § 2B3.1(b)(4)(A) if any person was abducted to facilitate the commission of the offense or to facilitate escape, the sentence should be increased by four levels. The commentary to

4

§ 1B1.1 states that abduction means "the victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, comment. (n.1).

Nale claims the movement of the victim of the carjacking (Cool) was minimal, and that his abduction did not facilitate the offense. However, the length of Cool's abduction was sufficient since even a temporary abduction can constitute an abduction for purposes of the sentencing guidelines. U.S.S.G § 2B3.1(b)(4)(A); United States v. Elkins, 16 F.3d 952, 953 (8th Cir. 1994); United States v. Oliver, 60 F.3d 547, 554 (9th Cir. 1995).

In addition, Nale argues that the abduction did not facilitate the offense. However, the abduction delayed notification of the police, and assisted Nale in making a speedier escape. The abduction thus facilitated the offense and the application of § 2B3.1(b)(4)(A) was proper.

B. Enhancement for Commission of a Sexual Assault
        While in Possession of a Firearm

The Sentencing Guidelines provide for a sentence enhancement if the defendant, "used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c). The trial court determined that Nale possessed a handgun while committing a sexual assault, and enhanced Nale's sentence under § 2K2.1(c).

Nale asserts that the gun was not used or possessed "in connection with" the sexual assault. He argues that the gun was not visible to the victim, nor was it used as a threat during the sexual assault.

The Fourth Circuit has not identified what is necessary to sustain a finding that a defendant used or possessed a firearm in connection with another offense. However, several other circuits have interpreted the meaning of "in connection with" as it applies to U.S.S.G. § 2K2.1(c). United States v. Thompson, 32 F.3d 1, 7 (1st Cir. 1994); United States v. Condron, 18 F.3d 1190, 1197 (5th Cir. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 161 (1994); United States v. Routon,

5

25 F.3d 815 (9th Cir. 1994); United States v. Gomez-Arrellano, 5 F.3d 464 (10th Cir. 1993).

The First, Ninth and Tenth Circuits determined the definition of "in connection with" by analogizing to the definition of "in relation to" in 18 U.S.C. § 924(c). Section 924(c) prohibits the use of a firearm during and "in relation to" the commission of drug trafficking or a violent crime. Thompson, 32 F.3d at 7; Routon, 25 F.3d at 819; Gomez, 5 F.3d at 466-67. In Smith v. United States, 508 U.S. 223, 237-238 (1993), the Supreme Court determined that the "in relation to" language of § 924(c) could be satisfied by proving that a weapon facilitated or potentially facilitated the offense. Id.

The First, Ninth and Tenth Circuits have applied the definition from Smith to § 2K2.1(c) and have held a weapon is used "in connection with" an offense under § 2K2.1(c) if the weapon facilitated or potentially facilitated the felonious conduct. Thompson, 32 F.3d at 7; Gomez, 5 F.3d at 466-67; Routon, 25 F.3d at 819.

Under the First, Ninth and Tenth Circuit's test, Nale possessed the gun in connection with the offense. Although he may not have brandished the gun throughout the sexual assault, the sexual assault would not have been possible but for the weapon. The victim was aware that Nale possessed the gun. She was forcibly detained by Nale and in a position to be sexually assaulted because of Nale's use of the gun. In addition, Nale would not have been able to order her to change her clothes but for the use of the gun. Thus, without the use of the gun, Wood would not have been vulnerable to the sexual assault.

The Fifth Circuit took a different approach and analogized to § 2D1.1(b)(1) of the Sentencing Guidelines. Section 2D1.1(b)(1) requires the enhancement of a defendant's sentence by two points if he or she is convicted of a narcotics crime and the government proves that he or she was in possession of a firearm. The court held that the interpretation of § 2D1.1(b)(1) should apply to § 2K2.1(c) since similar policy reasons "militate in favor of the enhancements." Condron, 18 F.3d at 1197. Section 2D1.1(b)(1) requires enhancement if a firearm is possessed. Thus, in order to sustain an enhancement under § 2D1.1(b)(1), the government need only prove that the defendant possessed a firearm. The burden is then on the defendant to show it

6

was clearly improbable that the firearm was "connected with" an offense. Condron, 18 F.3d at 1197.

The trial court's enhancement of Nale's sentence is also proper under the Fifth Circuit's test. First, Nale possessed the gun as required by the first prong of the test. Second, he failed to prove that it was "clearly improbable" that the firearm was connected with the offense.

Although the trial court's enhancement was proper under both the Fifth Circuit's test and the First, Ninth, and Tenth Circuit's test, the latter is more consistent with the clear language in the Sentencing Guidelines. The guidelines require that the defendant possess the firearm in connection with the commission or attempted commission of another offense. U.S.S.G. § 2K2.1(c)(1). This is a two part analysis. First the government must prove that the defendant possessed the gun, and second it must prove the gun was connected to the offense.[3] The Fifth Circuit's approach ignores the second step for it places the burden of proving the gun was not connected to the offense on the defendant.

C. Enhancement for Stealing a Firearm During the
        Commission of the Carjacking Offense

Under the section "robbery" the guidelines state "[i]f a firearm was taken . . . or if the taking of such item was an object of the offense, increase by [one] level." U.S.S.G. § 2B3.1(b)(5). The trial court enhanced Nale's sentence by one level since it determined that Nale stole the gun during the carjacking. Nale argues that the gun was taken prior to the commission of the carjacking; therefore, § 2B3.1(b)(5) does not apply.

Nale stole a gun from Wood's home, waited outside for her return, and used the gun in order to commit the carjacking. The gun was

_____

[3] Since the court is applying a provision of the Sentencing Guidelines, the government need only prove the gun was connected to the offense by a preponderance of the evidence. See e.g. United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990); United States v. Johnson, 54 F.3d 1150, 1156 (4th Cir. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 266 (1995).

7

stolen immediately before the carjacking took place for the purpose of committing the carjacking. The trial court's enhancement was therefore appropriate.

D. Reduction for Acceptance of Responsibility

Nale asserts that he is entitled to a three level reduction under the Sentencing Guidelines for acceptance of responsibility. We review the district judge's factual determination regarding a defendant's acceptance of responsibility under the clearly erroneous standard. Myers, 66 F.3d at 1372.

The guidelines provide for a reduction in sentencing if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. In addition, in order to receive a reduction under § 3E1.1 for acceptance of responsibility, the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. Myers, 66 F.3d at 1371; United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 comment (n.5).

In addition, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 comment (n.1).

The lower court held that although Nale pled guilty, his statement did not clearly demonstrate acceptance of responsibility. Nale characterized his actions as an attempt to reconcile with his ex-girlfriend and failed to admit or express remorse regarding many of his actions. He characterized the carjacking as a request for a ride. However, Nale failed to mention that the request for a ride was accompanied by the brandishing of a firearm.

Nale argues that he accepted full responsibility for his actions when he pled guilty to the charges. However, merely pleading guilty is not

8

sufficient to satisfy the criteria for a downward adjustment for acceptance of responsibility. <u>United States v. Harris</u>, 882 F.2d 902, 905 (4th Cir. 1989); <u>see also</u>, U.S.S.G. § 3E1.1, comment. (n.3) (guilty plea is evidence of acceptance of responsibility,"however, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.").

Nale's comments indicate that he did not fully accept responsibility for his actions. Thus, the trial court's decision denying a reduction for acceptance of responsibility was not clearly erroneous.

III. CONCLUSION

Therefore, the sentencing decisions of the district court are affirmed.

<u>AFFIRMED</u>