**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 96-4939

CHAD JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-18)

Argued: October 27, 1997

Decided: December 19, 1997

Before RUSSELL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston,
West Virginia, for Appellant. Paul Thomas Camilletti, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee. **ON
BRIEF:** William D. Wilmoth, United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

On December 17, 1995, Chad Johnson and several friends detonated, at several locations, "display fireworks," which they knew others had stolen a month earlier. In the process, Johnson and his friends destroyed two cars -- the first in Wheeling, West Virginia, and the second in Richland Township, Ohio. The fireworks Johnson and his friends detonated are considered "Class B explosives," and are subject to regulation as "explosives" under the National Firearms Act.

The Government initially charged Johnson with three counts of destruction of property by means of explosive materials, in violation of 18 U.S.C. § 844(i), and conspiracy to destroy property by means of explosive materials in violation of 18 U.S.C.§ 371. Pursuant to a plea agreement, however, Johnson pled guilty to one count of unlawfully aiding and abetting others in the receipt and disposal of explosive materials, knowing such materials were stolen, in violation of 18 U.S.C. § 842(h) and 18 U.S.C. § 2.

Pursuant to section 2K1.3(a)(4) of the United States Sentencing Guidelines (the "Sentencing Guidelines"), the probation officer's presentence report calculated Johnson's base offense level at 12 and recommended that Johnson receive a six-level upward enhancement pursuant to Sentencing Guideline § 2K1.3(b)(3) for possessing and using explosives in connection with another felony offense.[1] At his sentencing hearing, Johnson objected to the recommended enhancement. Relying on § 2K1.3(a)(4), § 2K1.3(b)(3), Application Note 11 and the presentence report, the district court overruled Johnson's objections and enhanced his offense level to 18. The district court then credited Johnson with a three-level "acceptance of responsibility," thereby reducing his total offense level to 15. Johnson received

_____

[1] U.S. SENTENCING GUIDELINES MANUAL § 2K1.3(b)(3) (1995).

2

an 18-month prison term, the minimal sentence for Criminal History Category I, offense level 15.

## I.

Johnson appeals his sentence, arguing that the district court erred in enhancing his sentence by six-levels pursuant to§ 2K1.3(b)(3). He maintains that he did not commit "another felony offense," as used in § 2K1.3(b)(3), and that the phrase "another felony offense" refers only to conduct of a "separate criminal episode." We review de novo whether the district court correctly applied the six-level sentencing enhancement.[2] Finding no error in the enhancement, we affirm.

Section 2K1.3 of the Sentencing Guidelines establishes the framework for calculating the offense level for prohibited transactions involving explosive materials. Accordingly, § 2K1.3(b)(3) provides:

> If the defendant used or possessed any explosive material in connection with another felony offense; or possessed or transferred any explosive material with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.[3]

Application Note 11 to § 2K1.3 further provides:

> As used in subsections (b)(3) and (c)(1), "another felony offense" and "another offense" refer to offenses other than explosives or firearms possession or trafficking offenses.[4]

In the instant case, Johnson, pursuant to his plea agreement, only pled guilty to the receipt and disposal of stolen explosive materials. The district court found that his other felony offenses, included the detonation of the explosives and the destruction of property in West Vir-

---

**2** **United States v. Nale**, 101 F.3d 1000, 1003 (4th Cir. 1996).
**3** U.S. SENTENCING GUIDELINES MANUAL § 2K1.3(b)(3) (1995).
**4** U.S. SENTENCING GUIDELINES MANUAL § 2K1.3 n.11 (1995).

3

ginia, the interstate transportation of explosive materials with the intent to damage or destroy property, and the detonation of the explosives and the destruction of property in Ohio.

First, Johnson contends that the district court erred in enhancing his offense level because the offenses relied upon by the district court do not constitute other felony offenses. He maintains that Application Note 11 excludes <u>all</u> explosives offenses from consideration "as another felony offense" under § 2K1.3(b)(3). We disagree. The phrase "another felony offense" does not exclude all explosive offenses from application under § 2K1.3(b)(3); rather, it excludes only the explosive offenses of trafficking and possession from consideration. All remaining offenses, except those of firearms possession or trafficking, therefore, may be considered as "another felony offense" for purposes of enhancing a sentence pursuant to § 2K1.3(b)(3). Accordingly, the district court did not err by enhancing Johnson's base offense level by six levels.

Johnson alternatively contends the phrase "another felony offense" in Application Note 11 refers to an offense that is episodically distinct in time, place, or substance from the conduct comprising the offense of conviction. Hence, because the interstate transportation of explosive materials and destruction of the two automobiles by explosive materials involved the same explosives to which he pled guilty, Johnson maintains the enhancement was impermissible. We hold this argument to be meritless because § 3K1.3(b)(3) does not contain a temporal requirement, nor does it require that the offenses be episodically or substantively distinct. It only requires that the other felony be committed "in connection with" the explosives offense, and that it not be another explosives possession or trafficking offense.

II.

Having carefully reviewed the record, briefs, and contentions of the parties at oral argument, we hold Johnson's remaining issue to be without merit. Accordingly, we affirm the sentence imposed by the district court.

<u>AFFIRMED</u>

4