UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.  No. 00-4361

ANTHONY TODD LINVILLE,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-205)

Submitted: September 29, 2000

Decided: October 23, 2000

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Lisa A. Green, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Anthony Todd Linville appeals his conviction and sentence on a
guilty plea of one count of being a felon in possession of a firearm,
in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp.
2000). Specifically, Linville claims that the district court clearly erred
in applying a four-level enhancement pursuant to *U.S. Sentencing
Guidelines Manual* section 2K2.1(b)(5) (1998), for use of a firearm in
connection with another felony offense. He claims that the district
court erred in finding that Linville committed kidnapping under West
Virginia law, a felony offense, when he forced the victim into a car
against her will, hit, choked, and threatened her, and transported her
from one place to another against her will, and that he used a gun to
facilitate that offense. He claims that, even if he had kidnapped the
victim, the kidnapping was completed when he stopped the car, pulled
the gun and ammunition from the trunk of the car, pointed the gun at
her, and told her that if he went to jail he would kill her. We find Lin-
ville's claims to be without merit.

This Court reviews a district court's findings of fact for clear error,
and gives due deference to the district court's application of the
guidelines to the facts. *See United States v. Daughtrey*, 874 F.2d 213,
217 (4th Cir. 1989). The district court here rejected the defense argu-
ment that the kidnapping was complete and the gun, therefore, was
not used in connection with the kidnapping, finding that the kidnap-
ping was not complete because Linville still had the victim against
her will and under his control while he pointed the loaded handgun
at her and threatened her about the implications of her actions if she
reported the kidnapping. The district court further found that the fact
that the gun was pointed at the victim while Linville was preparing
to leave the scene did not change the fact that he was still restraining
the victim during the period of time that he was making the final
threat against her life, thus facilitating the kidnapping.

We find that the facts of this case fully support the district court's findings. Specifically, Linville clearly transported McCormick in the car by force and threat, through his repeated actions in choking and hitting her, in forcing her back into the car on two occasions on which she attempted to escape, and in threatening her life. In addition, Linville had the intent of shielding himself from capture or arrest when he pointed the gun at McCormick and threatened to take her life if he went to jail. It is clear that Linville was seeking to extort McCormick's acquiescence to his violent assault and to prevent her from informing law enforcement officers of his illegal conduct. We find these facts sufficient under W. VA. CODE § 61-2-14a (Supp. 2000) to establish felony kidnapping, and to support the district court's determination that the felony kidnapping was underway when Linville held the gun on McCormick and told her that if he went to jail, he would kill her. Because Linville was still in the process of committing the conduct leading to the charges of kidnapping when he possessed the firearm, the possession of the firearm was directly connected to the kidnapping. *See United States v. Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996). Accordingly, we affirm the district court's application of the four-level enhancement under § 2K2.1(b)(5), and affirm Linville's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*