UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ROBERT WILHELM KAISER, a/k/a
Robert Wilhelm Russell,
          *Defendant-Appellant.*

No. 00-4392

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-347)

Submitted: December 15, 2000

Decided: January 12, 2001

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Robert Wilhelm Kaiser appeals his convictions and sentences for conspiracy to make, utter, and possess counterfeit securities and to produce false identification documents; impersonation of a federal official; and possession of a firearm by an illegal alien. For the reasons discussed below, we affirm as modified.

Kaiser raises four sentencing issues on appeal: (1) the district court erred in imposing an enhancement for possession of a firearm in connection with another felony offense pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 2K2.1(b)(5) (1998); (2) the district court erred in imposing an enhancement for possession of multiple firearms pursuant to USSG § 2K2.1(b)(1); (3) the district court erred in imposing an enhancement for obstruction of justice pursuant to USSG § 3C1.1; and (4) the district court erred in sentencing him to fifty-five months of imprisonment for impersonating a federal official.

First, we find that the district court correctly imposed a four level increase pursuant to USSG § 2K2.1(b)(5) to Kaiser's offense level on Count Three, possession of a firearm by an illegal alien. The court imposed the enhancement after finding that he possessed the firearm in connection with his felony offense of impersonating a federal official. Although the guidelines do not define the phrase "in connection with," we have adopted the view that the phrase is best interpreted by analogy to the definition of the phrase "in relation to" used in 18 U.S.C.A. § 924(c) (West 2000). *United States v. Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996). Therefore, in order to show that the firearm was possessed "in connection with" another felony offense, the Government was required to prove by a preponderance of the evidence that Kaiser possessed the weapon and that it facilitated, or had the potential to facilitate, the other offense. *Id.*

We find that the district court reasonably concluded that disclosing the presence of the firearm while impersonating a government official bolstered Kaiser's contention that he was operating undercover and was a legitimate federal officer. Accordingly, Kaiser's possession of the firearm facilitated his impersonation offense and the district court properly imposed an enhancement pursuant to USSG § 2K2.1(b)(5).

Second, we find that the district court properly included all unlawfully possessed firearms in calculating Kaiser's enhancement pursuant to USSG § 2K2.1(b)(1). Because Kaiser possessed at least five firearms within the same time span that were a part of the same course of conduct, namely the possession of a firearm by an illegal alien, we find that the district court correctly applied an upward adjustment pursuant to USSG § 2K2.1(b)(1)(B).

Third, we note that the district court did not specifically determine at sentencing that Kaiser's actions in providing false information to law enforcement officers amounted to obstruction of justice, much less that they amounted to a willful obstruction. Instead, the court noted that the guideline range would remain the same regardless of whether the enhancement applied. We decline to reach the issue of whether the district court properly imposed an enhancement for obstruction of justice because under the grouping rules of USSG §§ 3D1.1-3D1.4, Kaiser's sentence was based entirely upon the offense level for Count Three, possession of a firearm by an illegal alien. Kaiser therefore would have received an offense level of twenty-three, regardless of whether the court imposed a two level increase in the offense level for his crime of conspiracy. Any resulting error is therefore harmless.

Finally, we find that the district court erred in imposing a fifty-five month concurrent sentence for impersonating a federal official in violation of 18 U.S.C. § 912 (1994), which provides for a three-year statutory maximum sentence. Because the sentence imposed by the district court exceeded the statutory maximum, we modify Kaiser's sentence on this count to thirty-six months of imprisonment.

Accordingly, we affirm Kaiser's convictions and sentences as modified. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*