UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROLANDUS DEMETRIUS PIPKIN,
*Defendant-Appellant.*

No. 00-4667

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-134)

Submitted: May 31, 2001

Decided: June 29, 2001

Before WILKINS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Joseph B. Gilbert, MCNEIL & GILBERT, Jacksonville, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rolandus Demetrius Pipkin entered a guilty plea to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced to a term of 114 months imprisonment. Pipkin appeals his sentence, contesting the enhancement he received for possession of a firearm in connection with another felony offense pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (1998). We affirm.

Pipkin sold crack to two different confidential informants at his home on March 10 and April 6, 2000. Police executed a search warrant at his home on April 7, 2000. No drugs were present, but police found a loaded pistol grip shotgun in the house, which Pipkin admitted was his. They also found a set of scales on the television set in the living room, two boxes of shotgun shells, $1054 in cash, and a sandwich bag box containing cocaine residue. Pipkin was not employed and admitted in his statement to the probation officer that he supported himself by selling drugs. In sentencing Pipkin, the district court increased his offense level by four levels under § 2K2.1(b)(5), finding that the firearm facilitated or potentially facilitated the drug offense.

On appeal, Pipkin argues that the government failed to show any temporal or physical connection between the shotgun and the drug offenses. He maintains that "insufficient facts exist to distinguish this possession from any other possession, including those that do not facilitate, nor potentially facilitate the offense." He complains that, without a requirement for additional facts, the enhancement under § 2K2.1(b)(5) could be applied in every case where a drug dealer possesses a firearm, "no matter how remote or tenuous the possession . . . in relation to [the] illegal activity by the drug dealer."

Although the term "in connection with" is not defined in the guidelines, this court has held that it is analogous to the phrase "in relation to" in § 924(c). *United States v. Nale*, 101 F.3d 1000, 1003-04 (4th Cir. 1996). There was no dispute in this case that Pipkin possessed the shotgun in his house while he was selling crack there. To show that the shotgun was possessed "in connection with" the drug sales, the

government had the burden of showing that it facilitated or had the potential to facilitate, the drug sales. *Id.* The government had the burden of proving the facts supporting the enhancement by a preponderance of the evidence. *Id.* The district court's findings of fact are reviewed for clear error. *Id.* We find that the district court could reasonably infer that Pipkin possessed the shotgun to protect his drugs and money, given that drug sales took place in the house and cash was kept in the house that was almost certainly the proceeds of drug sales. *See, e.g.*, *United States v. Wyatt*, 102 F.3d 241, 248 (7th Cir. 1996) (firearms kept in house where drugs sold facilitated drug offense by protecting drug business and stored drugs).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*