UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ERIC C. HENDERSON,
*Defendant-Appellant.*

No. 02-4236

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-34-MU)

Submitted: September 25, 2002

Decided: October 9, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric C. Henderson pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 100 months imprisonment. He contends on appeal that the district court erred in giving him a seven-level enhancement under *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(A) (2001) for discharge of a weapon. We affirm.

Henderson and two friends attempted an invasion of a home occupied by a woman and her boyfriend. Henderson was carrying a shotgun. When the woman answered the door, Henderson pushed her aside and entered. She slammed the door before the others could enter and her boyfriend confronted Henderson and took the shotgun away from him. During the struggle, the shotgun discharged and Henderson was wounded in the arm and leg. Although it was not clear who caused the discharge of the gun, the district court determined that a plain reading of the guideline required the enhancement.

We review de novo the sentencing court's interpretation of a guideline. *United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996). Henderson relies on *United States v. Gordon*, 64 F.3d 281, 284 (7th Cir. 1995) (holding that enhancement under § 2B3.1(b)(2)(A) does not apply when non-participant in offense discharges firearm because defendant cannot be said to have induced or willfully caused the discharge and that "reasonable foreseeability" applies only to conduct of co-conspirators, not to other persons).

However, other circuits have not followed *Gordon* without qualification. *See United States v. Wright*, 215 F.3d 1020, 1030 (9th Cir.), *cert. denied*, 531 U.S. 969 (2000) (enhancement affirmed where robber accidentally shot himself in the leg because § 1B1.3 makes defendant responsible for all his own actions); *United States v. Mitchell*, 146 F.3d 1338, 1345-46 (11th Cir. 1998) (enhancement affirmed where co-defendant fired gun during robbery); *United States v. Triplett*, 104 F.3d 1074, 1083 (8th Cir. 1997) (same). *Mitchell* held that the mere act of planning a robbery to be carried out with guns "made

the likelihood of a gun discharging objectively reasonably foreseeable." 146 F.3d at 1346.

Moreover, in *United States v. Williams*, 51 F.3d 1004, 1011 (11th Cir. 1995), the Eleventh Circuit held that the defendant, by attempting an armed carjacking, induced the intended victim to fire his gun in self defense and that the victim's action was thus attributable to the defendant under § 1B1.3(a)(1)(A), which provides that relevant conduct includes "all acts . . . committed . . . induced, procured, or willfully caused by the defendant." Similarly, in *United States v. Roberts*, 203 F.3d 867 (5th Cir. 2000), the Fifth Circuit noted the divergence between *Gordon* and *Williams*, then held that the plain language of § 1B1.3 permitted the enhancement where the defendant violently resisted arrest and thus "unquestionably induced and willfully caused [the deputy] to fire his handgun." 203 F.3d at 870.

The weight of these authorities indicates that, even if the firearm in this case was not discharged by Henderson, the district court did not err in finding that the enhancement for discharge of a firearm applies because Henderson induced the struggle during which the shotgun was discharged, or at the very least, could reasonably foresee that the gun might be discharged during the home invasion.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*