UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

ANTONIO VILLA-CARMONA,
　　　　*Defendant-Appellant.*

No. 03-4031

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-02-258)

Submitted: June 9, 2003

Decided: July 7, 2003

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Antonio Villa-Carmona appeals his sentence of 120 months' imprisonment pursuant to his guilty plea to being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2000). Villa-Carmona challenges the district court's imposition of the cross-reference provision under *U.S. Sentencing Guidelines Manual* § 2K2.1(c)(1) (2001) and its denial of an adjustment for acceptance of responsibility. Finding no reversible error, we affirm.

At Villa-Carmona's sentencing hearing, testimony revealed that on May 12, 2002, at around 6:00 a.m., police officers viewed three individuals flee from a marijuana field; the officers apprehended one individual. The officers set up two checkpoints and stopped Villa-Carmona at one of the checkpoints. After obtaining consent, officers searched Villa-Carmona's vehicle and found a handgun under the passenger seat. Another officer testified the apprehended individual stated that Villa-Carmona had transported them to a store that morning and would pick them up later. The Government also produced evidence concerning cell phone calls and a guilty plea by Villa-Carmona in state court to felony conspiracy to manufacture marijuana. Villa-Carmona testified and denied involvement with the marijuana operation.

A district court's factual determinations regarding the Sentencing Guidelines are reviewed for clear error, while its legal interpretations of the Guidelines are reviewed de novo. *United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996). Section USSG § 2K2.1(c)(1) provides:

> If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a

firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply . . . § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above.

The Government must prove the defendant possessed the firearm and that the firearm was connected to the offense. *Nale*, 101 F.3d at 1004. Villa-Carmona contends the Government did not show by a preponderance of the evidence that he was involved in a conspiracy to manufacture marijuana and the firearm was used or possessed in connection with the commission of that offense. We have reviewed the testimony given at the sentencing hearing and the district court's findings and find the district court did not clearly err in determining that Villa-Carmona was involved in a conspiracy to manufacture marijuana. To the extent Villa-Carmona argues the firearm was not possessed in connection with the commission of the offense, we find Villa-Carmona's possession of the weapon had the potential to facilitate the commission of the offense; therefore the cross-reference was appropriate. *See Nale* 101 F.3d at 1003-04. Lastly, because § 2K2.1(c)(1) was applicable to Villa-Carmona's conduct, we reject Villa-Carmona's contention that § 2K2.1(b)(5) should have been used instead.

A district court's decision to deny a reduction to a defendant's offense level for acceptance of responsibility is reviewed for clear error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1007 (2003). The determination of the district court is due great deference. USSG § 3E1.1, comment. (n.5). Villa-Carmona contends he merited an adjustment for acceptance of responsibility because he admitted responsibility to all relevant conduct and did not falsely deny any additional relevant conduct. The district court rejected Villa-Carmona's testimony as to the circumstances surrounding his previous guilty plea to felony conspiracy to manufacture marijuana. We find the district court did not clearly err in denying Villa-Carmona an adjustment for acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.1(a)) (finding defendant who falsely denies or frivolously contests relevant conduct determined to be true does not merit adjustment for acceptance of responsibility).

We therefore affirm Villa-Carmona's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*