# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROY TURNER,

*Defendant-Appellant.*

No. 02-5008

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-01-75)

Submitted: July 10, 2003

Decided: July 16, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

A. Benton Chafin, Jr., CHAFIN LAW FIRM, P.C., Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy Duane Turner pleaded guilty to involvement in a conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846 (2000), and use of a firearm in a drug crime, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Turner to a total of 228 months incarceration, four years of supervised release, and ordered Turner to pay a special assessment and a restitution fee. Turner timely appealed, asserting the district court erred in two sentencing determinations related to his involvement in a drug conspiracy.

First, Turner asserts the district court erred in calculating the drug quantity for which he was liable. We review this claim for clear error. *United States v. D'anjou*, 16 F.3d 604, 614 (4th Cir. 1994). The district court based its determination on competent evidence. *United States v. Randall*, 171 F.3d 195, 211 (4th Cir. 1999). Thus, Turner's claim is meritless.

Second, Turner asserts the district court erred in enhancing his sentence under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(5)(C) (2001), based on its determination that Turner exposed his minor children to a substantial risk of harm by manufacturing drugs in their residence. In reviewing the district court's findings, we review factual determinations for clear error and legal questions de novo; mixed questions of law and fact are reviewed under a standard that gives due deference to the district court. *United States v. Nale*, 101 F. 3d 1000, 1003 (4th Cir. 1996). Because Turner stored and used dangerous manufacturing materials in his residence, the enhancement was properly applied. USSG § 2D1.1(b)(5)(C), comment. (n.20).

Accordingly, we affirm Turner's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROY TURNER,

*Defendant-Appellant.*

No. 02-5008

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-01-75)

Submitted: July 10, 2003

Decided: July 16, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

A. Benton Chafin, Jr., CHAFIN LAW FIRM, P.C., Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy Duane Turner pleaded guilty to involvement in a conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846 (2000), and use of a firearm in a drug crime, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Turner to a total of 228 months incarceration, four years of supervised release, and ordered Turner to pay a special assessment and a restitution fee. Turner timely appealed, asserting the district court erred in two sentencing determinations related to his involvement in a drug conspiracy.

First, Turner asserts the district court erred in calculating the drug quantity for which he was liable. We review this claim for clear error. *United States v. D'anjou*, 16 F.3d 604, 614 (4th Cir. 1994). The district court based its determination on competent evidence. *United States v. Randall*, 171 F.3d 195, 211 (4th Cir. 1999). Thus, Turner's claim is meritless.

Second, Turner asserts the district court erred in enhancing his sentence under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(5)(C) (2001), based on its determination that Turner exposed his minor children to a substantial risk of harm by manufacturing drugs in their residence. In reviewing the district court's findings, we review factual determinations for clear error and legal questions de novo; mixed questions of law and fact are reviewed under a standard that gives due deference to the district court. *United States v. Nale*, 101 F. 3d 1000, 1003 (4th Cir. 1996). Because Turner stored and used dangerous manufacturing materials in his residence, the enhancement was properly applied. USSG § 2D1.1(b)(5)(C), comment. (n.20).

Accordingly, we affirm Turner's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*