**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4695**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CHRISTOPHER ALLEN PUNTNEY,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (3:06-cr-00857-CMC)

———————

Submitted:  December 19, 2007        Decided:  January 7, 2008

———————

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.   Reginald I. Lloyd, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Allen Puntney pled guilty to one count of wire fraud, 18 U.S.C.A. § 1343 (West Supp. 2007), and was sentenced to thirty months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he had not accepted responsibility for his offense. U.S. Sentencing Guidelines Manual § 3E1.1 (2006). We affirm.

At the sentencing hearing, the government presented evidence that Puntney was involved in two incidents of criminal activity in Indiana after he was charged with the instant offense, while he was free on bond. One occurred on February 28, 2007, two weeks before Puntney's guilty plea on March 14, 2007. The second occurred on March 20, 2007. The government showed a store video of the February 28 incident, alleging that it showed Puntney, Jeremy Stone, and Ken Selner using fraudulent credit cards to purchase Apple Ipods and a Sony Playstation. A K-Mart video of the March 20, 2007 incident showed Mark Batti and Ken Selner, who were arrested there after they used fraudulent credit cards to purchase electronics. The government provided the court with transcripts of interviews with Batti and Stone, who identified Puntney as a participant in both incidents. Although Puntney was not present at the K-Mart on March 20, Batti said he used fraudulent cards he obtained from Puntney the day before.

- 2 -

Puntney did not testify, but he denied through counsel that he was one of the three people in the video of the February 28 incident. Puntney also took the position that Batti's identification of him as one of the participants shown in the February 28 video was not reliable and that Batti and Stone were lying when they said Puntney was involved in both incidents. The court considered the store videos and the transcripts of Batti's and Stone's interviews with law enforcement officers, concluded that Puntney was involved in both incidents, and overruled his objection to the presentence report.

On appeal, Puntney argues that the district court clearly erred by denying him the adjustment based on pending state court charges which he contested. A defendant may receive an adjustment for acceptance of responsibility under § 3E1.1 if he demonstrates "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (quoting United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996)). A guilty plea alone is insufficient to entitle a defendant to the adjustment. May, 359 F.3d at 693; USSG § 3E1.1, comment. (n.3) (a guilty plea is significant evidence of acceptance of responsibility, but is not dispositive). Continued criminal conduct may be a basis for denial of the adjustment. United States v. Dugger, 485 F.3d 236, 240-41 (4th Cir. 2007). The district

court's determination that a defendant has accepted responsibility is reviewed for clear error.  Id. at 239.

Puntney does not challenge the district court's findings on any specific point, but seems to contend only that the court erred in accepting the "hearsay allegations" of Batti and Stone concerning charges on which Puntney had not been yet convicted. However, their allegations were supported by the store video of the February 28 incident and by information about Puntney supplied by Batti in his post-arrest police interview.  The court viewed the video in which Puntney allegedly appeared and determined that he, not Batti, was the third participant on February 28.  We conclude that the district court had sufficient evidence to find, by a preponderance of the evidence, that Puntney was involved in the two incidents in Indiana.  Therefore, the court's determination that he had not accepted responsibility was not clearly erroneous.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED