**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5048**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICHARD ALLEN WILLIAMS,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:09-cr-00006-FPS-JES-1)

Submitted: September 30, 2010        Decided: October 18, 2010

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Betsy C. Jividen, Acting United States Attorney, Randolph J. Bernard, John C. Parr, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Allen Williams appeals his 110-month prison sentence after pleading guilty to possession with intent to distribute 312 80-mg oxycodone tablets and 214 30-mg oxycodone tablets in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). On appeal, Williams contends the district court erred in denying him a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual (USSG) § 3E1.1 (2008), in denying him a downward departure under USSG § 4A1.3(b), and in denying him a downward variance based on his criminal history arguments. We dismiss the appeal in part and affirm the judgment.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances and giving "due deference to the district court's decision." Gall, 552 U.S. at 51. On appeal, we presume that a sentence

2

within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Williams first contends the district court erred in denying him a reduction for acceptance of responsibility. We review the district court's decision for clear error. See United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). We "must give 'great deference' to the district court's decision because '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" Id. (quoting USSG § 3E1.1, comment. (n.5)). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence 'that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct.'" Id. (quoting United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996)). "A guilty plea may be evidence of acceptance, but 'it does not, standing alone, entitle a defendant to a reduction as a matter of right.'" Id. (quoting United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989)).

After pleading guilty, Williams tested positive for oxycodone. Because he did not have a prescription and was unlawfully in possession of the drug, the probation officer concluded his conduct was inconsistent with acceptance of responsibility under USSG § 3E1.1, comment. (n.1). At sentencing, Williams proffered that he had a lengthy addiction

to pain medication, but had quit using the drugs. However, after suffering an attack of kidney stones, he took some oxycodone to relieve the pain. He acknowledged he could have gone to a doctor for a prescription but did not do so. The district court accepted Williams's proffer that he used the drug for kidney stones, but noted the fact that he had not gone to a doctor where it was presumed he would have been given some medicine or other treatment. The district court found Williams had not presented sufficient evidence to show that a reduction for acceptance of responsibility was warranted, and we conclude the court did not clearly err in this finding.

Williams next contends the district court erred in denying his request for a reduction in criminal history category under USSG § 4A1.3(b)(1), and his alternative request for a variance based on the same arguments. While he conceded his criminal history category of V was properly determined under the guidelines, he argued it over-represented the seriousness of his criminal history because his prior convictions were for minor offenses; his sentences for two of the convictions were ordered to be run concurrently; and while many of his convictions were outside the applicable period and not assessed points, his first convictions receiving points were just inside the applicable period. After hearing his arguments, the district court found there was insufficient reliable information indicating his

4

criminal history category substantially over-represented the seriousness of his criminal history or the likelihood that he would commit other crimes to warrant a downward departure. The court likewise concluded his arguments were not sufficient to warrant a variance, and that a guideline sentence was sufficient but not greater than necessary to address the sentencing factors under § 3553(a). The district court sentenced Williams at the low end of his 110 to 137-month guideline range. The court's decision not to grant a downward departure is not reviewable on appeal, and we dismiss this portion of Williams's appeal. See Allen, 491 F.3d at 193. We further conclude he has shown no abuse of discretion by the district court in denying a variance and sentencing him at the low end of his guideline range.

We therefore dismiss the appeal in part, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART