**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4776**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JULIAN LAVORT PHILLIPS,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00441-CCE-1)

─────────────

Submitted: May 20, 2014                  Decided: May 30, 2014

─────────────

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Brian Michael Aus, BRIAN AUS ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julian Lavort Phillips pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 112 months in prison. He appeals his sentence, claiming that a four-level enhancement for abduction under U.S. Sentencing Guidelines Manual (USSA) § 2B3.1(b)(4)(A) was erroneous. We affirm.

We review sentences for procedural and substantive reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. "In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (citation and internal quotation marks omitted).

Phillips' sole argument on appeal is that the district court erroneously increased his offense level pursuant to USSG § 2B3.1(b)(4)(A), which permits the enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." "'Abducted' means that a victim was forced to accompany an offender to a different location." USSG § 1B1.1 cmt. n. 1(A). We have adopted a "flexible, case by case approach to determin[e] when movement to a different location

2

has occurred." Osborne, 514 F.3d at 390 (internal quotation marks omitted). "[E]ven a temporary abduction can constitute an abduction for purposes of the sentencing guidelines." United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996).

We hold that the district court did not err in applying the enhancement. The weight of the evidence establishes that Phillips and Erin Childress went to a residence with the intention of purchasing prescription pain medication. Once inside, however, Phillips committed robbery and assaulted two persons. He then grabbed Childress, pointed a gun at her, and said that she "knew too much" and had to leave with him. One victim told Childress that she did not have to leave with Phillips; however, Childress testified that she was too afraid not to comply. Another witness testified that Phillips was pointing the gun at Childress as she got into the truck in which she and Phillips left the scene.

The evidence shows that the abduction facilitated Phillips' escape. Childress was forced to accompany Phillips to a different location, and Phillips abducted Childress because he was afraid she would disclose his identity to law enforcement officials if she remained at the residence.

Accordingly, we affirm Phillips' sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED