**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4066**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NAEEM DEONTE JONES,

Defendant - Appellant.

———————

**No. 15-4079**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMONTE DENZEL MEADOWS,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00249-WO-2; 1:14-cr-00249-WO-1)

———————

Submitted: August 27, 2015          Decided: September 23, 2015

———————

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————————

James B. Craven III, Durham, North Carolina; H.A. Carpenter IV, Greensboro, North Carolina, for Appellants.  Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Naeem Deonte Jones and Demonte Denzel Meadows pled guilty to a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (2012) (Count 1), and brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012) (Count 2). Jones was sentenced to 125 months and Meadows to 121 months of imprisonment. Both Jones and Meadows timely appeal, raising the following issues, whether: (1) the district court erred by applying to both Appellants a four-level enhancement for abduction pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(B)(4)(A) (2014), and (2) the district court erred by counting Jones' juvenile adjudications in calculating his criminal history. Alternatively, Jones argues that his criminal history category III over-represents his criminal history. For the reasons that follow, we affirm.

Appellants raise only sentencing issues which we generally review for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Rivera–Santana, 668 F.3d 95, 100 (4th Cir. 2012). Appellants primarily rely on United States v. Osborne, 514 F.3d 377 (4th Cir. 2008), for their argument that their USSG § 2B3.1(B)(4)(A) enhancement was erroneous. Rather, they argue, they should have only received a two-level

3

enhancement for restraining the victims. The undisputed facts reveal that Jones and Meadows forced the victims of their store robbery through a door and into a backroom at gunpoint and bound them.

A victim is "abducted" if he is "forced to accompany an offender to a different location." USSG § 1B1.1 cmt. n.1(A). We have held that "movement within the confines of a single building can constitute movement to a different location." Osborne, 514 F.3d at 389-90 (internal quotation marks omitted). Even a temporary abduction can constitute an abduction for purposes of the Guidelines. United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996). We have adopted a "flexible, case by case approach to determining when movement to a different location has occurred." Osborne, 514 F.3d at 390. (internal quotation marks omitted). We find no reversible error in the abduction enhancements.

Next, Jones alleges that the district court should not have counted two cases in which he was "adjudicated delinquent" at age 15 in calculating his criminal history category as III. Jones concedes, however, that we review this issue for plain error only, as it is raised for the first time on appeal and that, even if the district court did not count these two juvenile adjudications, he would still have enough criminal history points to fall within a criminal history category III.

4

Thus, even if Jones' arguments were meritorious, he cannot show plain error because his criminal history category would remain the same. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (providing plain error test). Accordingly, this argument fails.

Alternatively, Jones contends that his criminal history category over-represents his criminal past in light of the use of juvenile adjudications and argues against use of the juvenile conduct against criminal defendants. As argued by the Government, however, USSG § 4A1.2(d) expressly permits sentencing courts to consider juvenile adjudications, with some restrictions not applicable here. We have rejected a due process challenge to § 4A1.2(d) in United States v. Daniels, 929 F.2d 128, 130 (4th Cir. 1991) (holding that defendant cannot raise due process challenge to use of juvenile adjudications for offenses committed after effective date of Guidelines). Accordingly, we find this argument lacks merit.

Thus, we affirm both Jones' and Meadows' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED