UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

ALFRED EMANUEL MEAIS, a/k/a
Randolph Brown, a/k/a Kool Aid,
                    *Defendant-Appellant.*

No. 99-4579

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-307)

Submitted: August 24, 2001

Decided: September 10, 2001

Before WIDENER, LUTTIG, and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

## COUNSEL

Michael W. Patrick, HAYWOOD, DENNY & MILLER, L.L.P., Durham, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Alfred Emanuel Meais appealed from his jury conviction and resulting 360-month sentence for conspiracy to distribute crack cocaine in violation of 21 U.S.C.A. § 846 (West Supp. 1999). The Supreme Court vacated our previous opinion affirming Meais's conviction and sentence and remanded for reconsideration under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We now affirm in part, vacate in part, and remand for re-sentencing.

Meais alleged the district court erred in denying his motion in limine and in admitting evidence of prior bad acts. We find no abuse of discretion in admission of this evidence. *See United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994). We also find no clear error in the sentencing court's increase of Meais's base offense level under *U.S. Sentencing Guidelines Manual* § 3B1.4 (1998) for using a minor to commit the offense. *See United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996).

In addition we find no merit to Meais's arguments that his conviction should be vacated because his co-conspirator was a government informant; that his criminal history was improperly calculated; that the amount of cocaine base attributed to him was incorrectly calculated; that he was denied the right to testify in his own behalf; or that he was denied the right of allocution.

We do find plain error, however, in regard to Meais's sentence, vacate his sentence, and remand to the district court for re-sentencing. Under *Apprendi*, drug quantity must be treated as an element of an aggravated drug trafficking offense, and failure to charge a specific drug quantity in the indictment and to submit the quantity issue to the jury constitutes plain error. *United States v. Cotton*, ___ F.3d ___, 2001 WL 901259, at *3 (4th Cir. Aug. 10, 2001) (No. 99-4162) (cit-

ing *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc)). Failure to charge drug quantity in the indictment and to submit the issue to the jury also "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" such that we should exercise our discretion to recognize the error. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993).

The district court sentenced Meais to a term of imprisonment that exceeded the twenty-year maximum penalty provided for a violation of 21 U.S.C. § 841(b)(1)(C) based upon an "identifiable but unspecified quantity" of cocaine base. *See Cotton*, 2001 WL 901259, at *3 (quoting *Promise*, 2001 WL 732389, at *5). By sentencing Meais to a term greater than twenty years, the district court sentenced Meais for a crime for which he was neither indicted nor convicted. *See id.* Under *Apprendi*, the "indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." *Id.* (internal quotation omitted). Drug quantity was not noted in Meais's indictment, the court's jury instructions, or the jury's verdict form. We therefore conclude that under *Cotton*, the district court exceeded its jurisdiction in sentencing Meais for a crime with which he was never charged or convicted. For that reason, we vacate Meais's sentence and remand to the district court for re-sentencing in light of *Apprendi* and *Cotton*. We affirm the district court's judgment in all other respects. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*