UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

KEVIN LAMAR NARCISSE,
  *Defendant-Appellant.*

No. 02-4788

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-02-100)

Submitted: March 18, 2003

Decided: March 28, 2003

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Charles H. Harp, II, Lexington, North Carolina, for Appellant. Anna
Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin Lamar Narcisse appeals his conviction and twenty-four month sentence for knowingly making false statements in the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6) and 924(a)(2). On appeal, Narcisse raises four issues: (1) insufficiency of the evidence to support his convictions; (2) the improper admission of evidence concerning where the firearms purchased by Narcisse were recovered; (3) the district court's failure to find Narcisse a "minor participant" in the offense; and (4) the district court's failure to give Narcisse a downward adjustment for acceptance of responsibility. Finding no reversible error, we affirm.

Narcisse's first argument on appeal is that the district court erred by declining to grant his motion for acquittal due to insufficiency of the evidence. To determine whether there was sufficient evidence to support a conviction, this Court considers whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This Court does not weigh the evidence or determine the credibility of the witnesses. Rather, the jury verdict must be upheld if there is substantial evidence to support the verdict. *Id.*; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). In light of trial testimony supporting the jury's verdict, including evidence that Narcisse purchased fifteen guns from federally licensed firearm dealers with money given to him by Rayshawn Rucker; that Rucker could not purchase the guns himself because he was on probation; and that several of the guns were recovered in various cities along the East Coast in connection with crimes, Narcisse's claim of insufficiency of the evidence fails.

Next, Narcisse argues the Government's rebuttal evidence, establishing that the firearms purchased by Narcisse were recovered outside of North Carolina, was not relevant to whether he made false statements in the acquisition of those firearms. Narcisse also argues

that this evidence was highly prejudicial and misleading because it made Narcisse appear to be involved in the illegal distribution of the firearms, although his conduct was limited to their purchase only. A district court's rulings on the admission and exclusion of evidence will not be disturbed absent an abuse of discretion. *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). This Court will find an abuse of discretion only if the district court's evidentiary ruling was arbitrary or irrational. *United States v. Achiekwelu*, 112 F.3d 747, 753 (4th Cir. 1997). Evidence is relevant and may be admitted if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. Even if evidence is relevant, it can only be admitted if its probative value outweighs its prejudicial effect. Fed. R. Evid. 403.

Despite Narcisse's claims, evidence of the recovery of the firearms outside of North Carolina was, in fact, relevant to prove that he was purchasing guns for others, and to disprove his assertion that the guns would be returned to him. To the extent Narcisse also complains that he was prejudiced by testimony that several handguns he purchased were ultimately used by others engaged in criminal activity, we note that this evidence was not introduced in the Government's case in chief, but was elicited by defense counsel during cross-examination of two Government witnesses. We accordingly reject Narcisse's challenge to the district court's evidentiary rulings.

Narcisse's third argument is that he should have received a reduction in his offense level for being a minor participant as defined by *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000). This Court reviews a district court's determination regarding the defendant's role in the offense for clear error. *United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989). A defendant seeking a mitigating adjustment under § 3B1.2 bears the burden of proving by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). A defendant may play a minor role if he is less culpable than most other participants but has more than a minimal role. USSG § 3B1.2 comment. (n.3). However, the court should not only compare the defendant's culpability to that of the other participants, but also measure it against the elements of the offense of conviction. *United States v. Reavis*, 48 F.3d 763, 769

(4th Cir. 1995). The critical inquiry is thus not just whether the defendant has done fewer bad acts than [his] codefendants, but whether the defendant's conduct is material or essential to committing the offense. *Palinkas*, 938 F.2d at 460. Having fully considered the evidence and the district court's ruling, we conclude that the district court did not commit clear error in refusing to find Narcisse was a minor participant.

Finally, Narcisse asserts the district court erred by denying him a downward adjustment for his acceptance of responsibility. The denial of an adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). The determination of the district court on review is due great deference. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (citing *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.5) (1993)). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989). Application note 2 of USSG § 3E1.1 states that the downward adjustment for acceptance of responsibility is not intended to apply to a defendant who puts the Government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Although application note 2 to section 3E1.1 states that the reduction is available to a defendant who goes to trial solely to assert and preserve issues unrelated to his factual guilt, this exception does not apply in Narcisse's case.

The district court found that Narcisse was not eligible for a two level reduction for acceptance of responsibility because Narcisse put the Government to the effort and expense of trial, and because the court had difficulty with the story that Narcisse thought those guns were going to be his. In fact, even at sentencing Narcisse continued to claim that he honestly believed the guns would be returned to him. At no time during his trial or sentencing did Narcisse take responsibility for his criminal actions; therefore, the district court did not err in denying Narcisse a downward adjustment for acceptance of responsibility.

Accordingly, we affirm Narcisse's conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*