# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

No. 02-4878

QUENTIN LAMAR NORMAN,
>*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-02-126)

Submitted: May 19, 2003

Decided: June 16, 2003

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Nicole Upshur, SAMS & SCOTT, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Quentin Lamar Norman was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, he challenges the sufficiency of the evidence supporting his conviction and the sentencing court's failure to award him an adjustment for acceptance of responsibility, *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001). We affirm.

First, Norman asserts that there was insufficient evidence that he possessed a firearm. In reviewing the sufficiency of the evidence challenge on direct review, the relevant standard is whether the record contains "substantial evidence, taking the view most favorable to the Government, to support" the jury's finding. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government and inquires whether there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The reviewing court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

Here, Virginia Beach Police Officer Gregory J. B. Harris testified that Norman, a back seat passenger in a vehicle stopped for a traffic violation, exited the vehicle after being told he was free to leave and walked toward the officer. Both Harris and Norman glanced at the ground at Norman's feet after hearing a metallic thud and spotted a gun. Norman looked scared and ran from the scene. Further, Harris described that no gun was in the vicinity of the stopped vehicle prior to Norman's exit. This testimony, when all reasonable inferences are drawn from the circumstantial evidence, is sufficient to prove possession. Norman's denial of possession on appeal and the Government's failure to detect Norman's fingerprints on the gun are not sufficient to overturn the jury's finding of guilt.

Second, Norman asserts that the district court erred by denying him a downward adjustment for his acceptance of responsibility. The denial of an adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). The determination of the district court on review is accorded great deference. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (citing *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.5) (1993)). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989).

The district court found that Norman was not eligible for an adjustment for acceptance of responsibility because he offered no factual basis for awarding the adjustment. At no time during his trial or sentencing did Norman take responsibility for his criminal actions; therefore, the district court did not clearly err in denying Norman a downward adjustment for acceptance of responsibility.

Accordingly, we affirm Norman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*