**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4409**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

GEORGE DODGE,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CR-03-10-REM)

---

Submitted:  September 21, 2005        Decided:  October 5, 2005

---

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Alberto R. Gonzales, United States Attorney General, Steven I. Loew, Special Attorney to the United States Attorney General, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Dodge appeals his sixty-month sentence imposed following his guilty plea to threatening to assault and murder an Assistant United States Attorney with the intent to retaliate against her on account of the performance of her official duties, in violation of 18 U.S.C. § 115(a)(1)(B) (2000). On appeal, the sole issue raised by Dodge is whether the district court erred in calculating his guideline range by denying him a reduction for acceptance of responsibility.[*] We affirm.

In order to receive a reduction pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2003), "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (citing United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996)). We review a district court's decision to grant or deny an adjustment for acceptance of responsibility for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). Based on our review of the record, including Dodge's filings and testimony, we find no clear error in the district court's finding that Dodge failed to accept

---

[*]Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

responsibility for his criminal conduct. <u>See</u> USSG § 3E1.1, comment. (n.1(a)) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.").

Accordingly, we affirm Dodge's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>