**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4259**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JERMAINE SILAS WHITE,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-03-628)

———————

Submitted:  September 28, 2005      Decided:  October 13, 2005

———————

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant.  J. Strom Thurmond, Jr., United States Attorney,
John C. Duane, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jermaine Silas White appeals his conviction and sentence on a two-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count One), and possession with intent to distribute 2.66 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). After White's guilty plea to Count One, Count Two was dismissed. The district court sentenced White on Count One to a term of 96 months' imprisonment, followed by a three-year term of supervised release. On appeal, White advances two challenges to the district court's four-level enhancement of his sentence for possession of a firearm in connection with another felony offense, pursuant to U.S. Sentencing Guidelines Manual, § 2K2.1(b)(5) (2003), first to the propriety of the application of the enhancement under the Guidelines, and second to the district court's application of the enhancement as a violation of White's Sixth Amendment rights. We have reviewed the record, together with White's claims on appeal, and find that White's sentence must be vacated pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

As a preliminary matter, we find that the enhancement applied by the district court to White's case was proper under the Guidelines and the law of this circuit. White challenges his sentence on the ground that it "appears" as though the district court relied on the legal standard employed by the Fifth Circuit in

_United States v. Condren_, 18 F.3d 1190 (5th Cir. 1994), and similar cases, that hold that mere possession of the firearm is a sufficient basis on which to apply the enhancement, rather than the standard followed in this circuit, as reaffirmed in _United States v. Blount_, 337 F.3d 404 (4th Cir. 2003). The basis for his challenge is that _Condren_ and similar cases were cited by the parties during the sentencing hearing, and the district court found the enhancement to be appropriate under all the cases discussed.

Having reviewed the record, we conclude the undisputed evidence supported the district court's enhancement under the Guidelines in White's case. Upon seeing police officers approaching his residence, White ran inside the house, donned a sweatshirt, emerged through a side door several seconds later and was pursued by the officers on foot for 300 yards, prior to throwing the firearm at issue onto the roof of a neighboring residence. After apprehending White, the officers discovered a quantity of crack in his pocket. These facts support the conclusion that White simultaneously possessed both the firearm and the crack for at least 300 yards while attempting to evade law enforcement, and used the firearm to embolden him during the commission of the crime of possession of the crack, and to protect his person and property, including the crack. We find such facts constitute evidence of a nexus between the firearm and the drugs sufficient to support the district court's application of the

3

enhancement under the Guidelines, as set forth in <u>Blount</u>. <u>See</u> <u>also</u> <u>United States v. Nale</u>, 101 F.3d 1000, 1003-1004 (4th Cir. 1996) (interpreting the "in connection with" standard applicable in the instant case).[*]

White's second challenge to the enhancement is advanced under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). After the filing of the briefs in this case, the Supreme Court rendered its decision in <u>Booker</u>. Based on <u>Booker</u>, we find that the district court's enhancement of White's sentence based upon facts found by a preponderance of the evidence and not established beyond a reasonable doubt was plain error. <u>Booker</u>, 125 S. Ct. at 756; <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).

As White advances no challenge to his conviction, we affirm his conviction, vacate his sentence, and remand for resentencing in accordance with those factors set forth in 18 U.S.C. § 3553(a) (2000), and viewing the Sentencing Guidelines as advisory, consistent with the Supreme Court's decision and directive in <u>Booker</u>. <u>See</u> <u>Booker</u>, 125 S. Ct. at 764-65, 767; <u>Hughes</u>, 401 F.3d at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]We note that this court's decision in <u>Nale</u> was among the cases cited by the parties during sentencing on which the district court relied in rendering its decision on the enhancement.

4

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED