**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4669

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENO RAMON SHERMAN, a/k/a Kino Sherman, a/k/a
Kenneth Sherman,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:05-cr-00726-PMD)

Submitted:  January 25, 2007              Decided:  January 29, 2007

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant.  Reginald I. Lloyd, United States Attorney, John C.
Duane, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keno Ramon Sherman pled guilty pursuant to a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Sherman to 110 months' imprisonment, followed by a three-year term of supervised release. On appeal, Sherman challenges the district court's four-level enhancement of his sentence for possession of a firearm in connection with another felony offense, pursuant to U.S. Sentencing Guidelines Manual, § 2K2.1(b)(5) (2005). Sherman argues that this district court improperly applied the "fortress analogy" as defined by United States v. Henry, 878 F.2d 937, 944 (6th Cir. 1989) ("if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used 'during and in relation to' a drug trafficking crime"). We affirm.

We conclude the undisputed evidence supported the district court's application of USSG § 2K2.1(b)(5). Sherman was walking down the street, when he saw police officers. Sherman began to run, and officers saw Sherman discard his firearm. After pursuit, the officers apprehended Sherman and saw him throw a clear plastic bag to the ground. The bag contained marijuana, cocaine and crack cocaine. These facts support the conclusion that Sherman

possessed both the firearm and the illegal drugs before and after he attempted to evade apprehension. The evidence supports a conclusion that possession of the firearm emboldened Sherman in the possession of the drugs and in protecting his person and property, including the drugs. We therefore conclude there was sufficient nexus between the firearm and the drugs to support the district court's sentencing enhancement under § 2K2.1(b)(5). <u>See</u> <u>United States v. Nale</u>, 101 F.3d 1000, 1003-04 (4th Cir. 1996) (interpreting the "in connection with" standard applicable in the instant case).

We therefore affirm Sherman's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>