**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 06-4621**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUDITH MOLES,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   Joseph Robert Goodwin,
District Judge.   (2:05-cr-00103)

—————

Submitted:  July 17, 2007                 Decided:  July 27, 2007

—————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, David R. Bungard, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.   Charles T.
Miller, United States Attorney, John K. Webb, Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
West Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judith Moles appeals her 27-month sentence imposed after she pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341 (2006). For the following reasons, we affirm.

I.

In March 2000, Mountaineer Grading Company, a construction company located in Elkview, West Virginia, hired Moles as office manager and bookkeeper. Moles's duties included general accounting work, payment of bills, payroll, and preparation of tax records for use by outside accountants. Within a few months, Moles began embezzling company funds from Mountaineer Grading. She used company credit cards and checks to pay for her own personal expenses and utility bills, and altered the credit card statements to hide the payments from Les Putillion, her boss. Moles also drew double her salary from Mountaineer Grading through a scheme whereby she received actual paychecks as well as salary payments by direct deposit into her bank account. She concealed the embezzlement by forging Putillion's signature and altering the records she maintained for Mountaineer Grading.

On June 28, 2005, Moles entered into a plea agreement with the Government and pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341.

In the Presentence Report ("PSR"), which the probation officer revised four times and prepared pursuant to the November 1, 2002 United States Sentencing Guidelines ("U.S.S.G.") Manual, the probation officer determined that the applicable guideline for mail fraud was U.S.S.G. § 2B1.1 (2002). This guideline provided that the base offense level was 6 plus a certain number of offense levels depending on the value of the actual loss incurred as a result of the embezzlement. U.S.S.G. § 2B1.1. The probation officer calculated $72,673 in lost funds, which would increase the offense level by 8, resulting in a base offense level of 14. The officer also recommended adding two additional levels for abuse of a position of trust or use of a special skill in committing an offense, pursuant to U.S.S.G. § 3B1.3 (2002). The officer recommended against according Moles a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b) (2002). Thus, the probation officer calculated an adjusted offense level of 16, which would subject Moles to a guideline range of 21-27 months.

Moles raised a number of objections, including disputing the loss amounts calculated by the probation officer and by the Government and objecting to the PSR recommendation that she be denied a reduction for acceptance of responsibility.

At the last of three sentencing hearings, the district court reduced the recommended loss figure of $72,673 by $3,000, based on

Moles's testimony that one of the allegedly forged checks was actually authorized by Putillion. The court then added to the loss amount, over Moles's objections, $1,720 in audit expenses that had not been included in the PSR calculation. Thus, the district court found a loss of $71,393 attributable to Moles. The court's finding that Moles was responsible for loss greater than $70,000 served to increase her base offense level by 8 levels, rather than by 6, pursuant to U.S.S.G. § 2B1.1(b)(1)(E). The court also declined to accord Moles a two-level reduction for acceptance of responsibility, concluding that she had not testified truthfully at sentencing. Accordingly, the district court found that Moles was subject to a guideline range of 21-27 months, as calculated in the PSR, and sentenced her to 27 months' imprisonment.

Moles filed a timely notice of appeal.


II.

Moles appeals her sentence of 27 months, arguing that the district court erred by including $1,720 in audit expenses when calculating loss and by declining to grant her a reduction for acceptance of responsibility. We reject both claims.


A.

Moles first argues that the district court erred when it included $1,720 in audit expenses in its calculation of the loss

figure. "We review de novo the district court's legal interpretation of the term 'loss' under the Sentencing Guidelines, but to the extent that the determination of the amount of loss is a factual matter, we review only for clear error." United States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995) (internal quotation marks omitted).

The Guidelines define "Actual Loss" for the purposes of sentencing as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1, cmt. n.2(A)(I). The Guidelines also instruct that "[l]oss shall not include . . . [c]osts to the government of, and costs incurred by victims primarily to aid the government in, the prosecution and criminal investigation of an offense." Id., cmt. n.2(D)(ii).

The $1,720 in audit expenses included by the district court in the loss figure were incurred by Mountaineer Grading when it retained accounting firm Simpson & Osborne to review its financial records in the wake of Moles's embezzlement. The bill submitted by Simpson & Osborne states that it charged Mountaineer Grading $1,720 for "[c]onsultations and services in connection with the embezzlement of corporate funds by Judy Moles including . . . various meetings to review the initial status of the payroll tax returns, bank reconciliations, and other items that should have been completed by Judy Moles."

Moles contends that this money should have been excluded from the loss calculation pursuant to § 2B1.1, cmt. n. 2(D)(ii) because it was a cost "incurred by [the] victim[] primarily to aid the government in [] the prosecution and criminal investigation of an offense."

But the district court found, based on Putillion's testimony at the first sentencing hearing, that "the amount [Putillion] spent on accountants was used to correct the misstatements that the defendant had made in the tax papers and so forth." The court explicitly recognized that the guidelines require exclusion of "amounts used to aid the prosecution." And with this proper understanding of the Guidelines in mind, the court found that the $1,720 should not be excluded from the loss calculation because it was "incurred to discover and correct the defendant's intentional misstatements she made to cover up her criminal conduct," and not to assist the government in prosecution of the case.* The district court did not clearly err in making this determination and we decline to disturb it on appeal.

---

*Moles repeatedly argues that the work performed by Simpson & Osborne assisted the Government in prosecuting its case. The Guidelines only require exclusion of loss amounts when incurred by the victim "primarily to aid the government," U.S.S.G. § 2B1.1, cmt. n. 2(D)(ii) (emphasis added), however, and the district court here clearly found that the primary purpose of the Simpson & Osborne audit was to help Mountaineer Grading clean up its records. The fact that the information later became useful to the Government does not mean that the cost was incurred primarily for that purpose.

B.

Moles next contends that the district court erred in declining to grant her a two-level reduction for acceptance of responsibility. We review a district court's factual determination regarding a defendant's acceptance of responsibility for clear error. United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). Moreover, the Guidelines themselves instruct that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5.

In order for a defendant to receive a reduction for acceptance of responsibility under § 3E1.1, she "must prove by a preponderance of the evidence that [s]he has clearly recognized and affirmatively accepted personal responsibility for [her] criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). Furthermore, "an adjustment for acceptance of responsibility does not flow automatically from a guilty plea." Id. Instead, the Guidelines direct that a court may consider whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct . . . ." U.S.S.G. § 3E1.1, cmt. n. 1(a).

Moles argues that she did truthfully admit her conduct, and that the district court erred when it denied her a reduction based on the fact that she disputed the loss amounts at sentencing. We need not decide whether disputing a loss calculation could preclude a reduction for acceptance of responsibility, however, because a review of the record shows that the district court did not deny Moles the reduction on that ground. Rather, the district court denied Moles the reduction because it concluded that she did not truthfully testify about her relevant conduct. The district judge stated at sentencing:

> I became convinced that the defendant was not truthful and not fully accepting of her responsibility. And I'll point to one particular fact that I find very persuasive.
> Mr. Putillion testified to the effect that [Moles] had represented that she had a degree from Ohio State University I believe it was. And she denied she ever made such a representation. That's not the kind of thing that I can find credible under the circumstances. She is an admitted fraudster. She ingratiated herself in her [job] application by making representations.
> I believe Mr. Putillion. I don't believe her. And I think lying about things like that, not to put too fine a point on it, is totally inconsistent with an award or reduction of sentence for acceptance of responsibility.

The district court considered Moles's testimony about the offense conduct and concluded that it was not credible -- an appropriate consideration in determining whether a defendant is entitled to a reduction for acceptance of responsibility. See Nale, 101 F.3d at 1005 (affirming the district court's denial of a reduction for acceptance of responsibility based on the fact that

-8-

the defendant's "comments indicate that he did not fully accept responsibility for his actions"). We must give great deference to the district court's credibility determinations, and conclude that the district court did not clearly err in denying Moles a reduction for acceptance of responsibility.

## III.

For the foregoing reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>