**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4953**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LARANZO PATE,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00478-NCT-2)

Submitted:  September 28, 2009       Decided:  October 16, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laranzo Pate pled guilty to one count of possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2006). He was sentenced as an armed career criminal, based on four prior state convictions for breaking and entering, to 200 months' imprisonment. On appeal, Pate argues that the district court erred in sentencing him as an armed career criminal and in enhancing his sentence based on a finding that he possessed the firearm in connection with a controlled substance offense. We affirm.

Pate first argues that the district court erred in considering his four prior state convictions for breaking and entering as predicate convictions for purposes of the Armed Career Criminal Act ("ACCA"). Specifically, he claims that, because he was arrested for all four offenses on the same day, they were consolidated for judgment, and sentence for the four offenses was imposed on the same day, these prior offenses should have been treated as a single event for purposes of the ACCA.

Review of the district court's interpretation of a statute is de novo. United States v. Letterlough, 63 F.3d 332, 334 (4th Cir. 1995). "In the case of a person who violates [§] 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on

2

occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e). "Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." Letterlough, 63 F.3d at 335 (internal quotation marks and citation omitted). A key consideration is whether the time interval between the crimes underlying the convictions allowed the accused sufficient time to "make a conscious and knowing decision to engage in another" crime. Id. at 337.

Here, Pate's convictions were committed on occasions different from one another as the four offenses occurred on three separate days at four different residences and were not so close in time that Pate did not have time to reconsider his criminal actions. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005). Pate's argument that the enhancement was improperly applied because he was arrested and sentenced on the same day for all four offenses is simply without merit. See United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) ("Nothing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses.").

Pate next argues that the district court erred in increasing his offense level for possessing a firearm in

3

connection with his drug activity.[*] This court reviews a district court's factual findings at sentencing for clear error and its legal determinations de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).

In order for a one-level USSG § 4B1.4(b)(3)(A) enhancement for possessing a firearm "in connection with" another felony to apply, the Government must prove that the gun was possessed and that the gun was connected to another offense. See United States v. Nale, 101 F.3d 1000, 1004 (4th Cir. 1996) (applying USSG § 2K2.1(b)(6) enhancement where the defendant possessed a firearm "in connection with" another felony offense). Here, the .22 caliber rifle was found a few feet from Pate, a set of hand scales, and Pate's drugs, which were packaged for sale. Pate admitted the firearm and drugs were his, and as the district court noted, Pate sold crack cocaine from the residence where the firearm was found just five days prior to the execution of the search warrant. Accordingly, the

---

[*] Pate actually challenges his four-level USSG § 2K2.1(b)(6) enhancement. However, as the Government points out, the § 2K2.1(b)(6) enhancement had no impact on Pate's advisory guidelines due to the district court's finding that Pate was an armed career criminal. Therefore, we consider only whether the one-level increase Pate received for possessing a firearm "in connection with" his drug offense, pursuant to USSG § 4B1.4(b)(3)(A), was erroneous.

4

district court did not clearly err in applying the one-level USSG § 4B1.4(b)(3)(A) enhancement.

Therefore, we affirm Pate's sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED