**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5200**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ANTHONY DAESHAWN BATTLE,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.   William L. Osteen, Jr., District Judge.  (1:09-cr-00026-WO-1)

Submitted:  September 30, 2010        Decided:  October 7, 2010

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.   Anna Mills Wagoner, United States Attorney, Graham T. Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Daeshawn Battle appeals the 146-month sentence imposed following a guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2006), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, Battle contends that the district court erred by applying a four-level increase to his offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2B3.1(b)(4)(A) (2008) for abducting a bank employee during the commission of the robbery. We affirm.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks omitted).

The term "abducted" "means that a victim was forced to accompany an offender to a different location." USSG § 1B1.1, comment. (n. 1(A)). We have held that "movement within the confines of a single building can constitute movement to a different location . . . ." Osborne, 514 F.3d at 389-90 (internal quotation marks omitted). "[E]ven a temporary abduction can constitute an abduction for purposes of the

2

sentencing guidelines." <u>United States v. Nale</u>, 101 F.3d 1000, 1003 (4th Cir. 1996). We have adopted a "flexible, case by case approach to determin[e] when movement to a different location has occurred." <u>Osborne</u>, 514 F.3d at 390 (internal quotation marks omitted). Our review of the record leads us to conclude that Battle abducted the bank employee during the commission of the robbery, and the district court did not err in applying a four-level enhancement to his offense level.

Accordingly, we affirm Battle's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3