**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4147**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ERWIN BERNARD REDDING, a/k/a Easy,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:09-cr-00067-JPB-DJJ-1)

Submitted: March 23, 2011              Decided: April 5, 2011

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. Kratovil, KRATOVIL & AMORE, PLLC, Charles Town, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erwin Bernard Redding appeals his convictions and sentence after a jury trial on two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) (2006) and 18 U.S.C. § 2 (2006). Redding claims the district court erred in: (1) denying his motion for judgment of acquittal on both counts; (2) failing to excuse a juror because that juror was a current corrections officer; (3) allowing testimony of crack cocaine purchases from Redding prior to the two incidents with which Redding was charged without giving a limiting jury instruction; (4) failing to give him a two-level reduction under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2009) for acceptance of responsibility; and (5) calculating Redding's drug quantity. We affirm.

This court reviews the district court's denial of Redding's motion for a judgment of acquittal de novo. United States v. Kingrea, 573 F.3d 186, 194 (4th Cir. 2009). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (citations omitted). Substantial evidence is "evidence

2

that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted). We have carefully reviewed the record and conclude that the evidence was sufficient to sustain Redding's convictions. See United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999) (discussing the elements of distribution).

Next, Redding contends that the district court erred in denying his motion to strike a juror for cause because the juror was employed as a corrections officer at the time of the trial. A trial judge's decision regarding whether to remove a juror for cause will not be overruled except for a "manifest abuse of . . . discretion." Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). A district court's determination not to excuse a juror for cause is entitled to "special deference." Patton v. Yount, 467 U.S. 1025, 1038 (1984). The critical issue in deciding a challenge for cause is whether the juror "could be

3

fair and impartial and decide the case on the facts and law presented." United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995). A challenge to a juror for cause is usually limited to demonstrations of actual bias, with the doctrine of implied bias applying only to "extreme situations" where the circumstances make it highly unlikely that the average person could remain impartial. United States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004). Our review of the record reveals no indication of actual bias or of an extreme situation warranting removal. Therefore, we conclude the district court did not abuse its discretion in denying Redding's motion to excuse the juror for cause.

Redding next contends that the district court erred in allowing testimony, without a limiting jury instruction, of crack cocaine purchases from him prior to the two incidents with which he was charged. Redding claims the testimony was prior acts testimony governed by Fed. R. Evid. 404(b), therefore necessitating a limiting instruction. The district court found that the testimony was not Rule 404(b) evidence but was instead intrinsic evidence.

The Rule 404(b) inquiry applies only to evidence of other acts that are "extrinsic to the one charged." United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). "[A]cts intrinsic to the alleged crime do not fall under Rule 404(b)'s

4

limitations on admissible evidence." Id. at 87-88. "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" United States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008) (quoting United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994)). See also Chin, 83 F.3d at 88 ("Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." (internal quotation marks omitted)). Evidence is intrinsic if it is necessary to "provide context relevant to the criminal charges." United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007). We conclude that the district court was correct in finding that the testimony was intrinsic evidence and therefore was not Fed. R. Evid. 404(b) evidence. The witness's prior relationship with Redding provided relevant context for the two drug transactions charged in the indictment.

Next, Redding contends that the district court erred in denying his request for a two-level reduction for acceptance of responsibility. This court reviews the district court's decision for clear error. United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). Section 3E1.1(a) provides that a defendant

5

who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level reduction in his offense level. "[I]n order to receive a reduction under § 3E1.1 for acceptance of responsibility, the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." USSG § 3E1.1 cmt. n.5.

The district court denied this reduction based on USSG § 3E1.1 application note 2 which states that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." This court has recognized a limited exception to this rule:

> In rare cases, however, a defendant may exercise his right to trial and yet nevertheless be entitled to the Responsibility Adjustment. Such a situation occurs where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

6

Elliott v. United States, 332 F.3d 753, 765 (4th Cir. 1993) (internal quotation marks omitted).

This case does not present one of those unique circumstances. Redding did not go to trial simply to preserve legal issues not relating to factual guilt. Because Redding put the government to its burden of proof and went to trial challenging his factual guilt, the district court was correct in finding the two-level reduction was inappropriate.

Lastly, Redding argues for the first time in his reply brief that the district court improperly calculated the drug quantities, and as a result, his sentence is unconstitutional. However, "[i]t is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." A Helping Hand v. Balt. County, 515 F.3d 356, 369 (4th Cir. 2008) (internal quotation marks omitted); see also SEC v. Pirate Investor, 580 F.3d 233, 255 n.23 (4th Cir. 2009) (stating that "[o]rdinarily we do not consider arguments raised for the first time in a reply brief"), cert. denied, 130 S. Ct. 3506 (2010). Therefore, we decline to consider the argument raised in Redding's reply brief and deny his motion to join an additional issue on appeal.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

7

before the court and argument would not aid the decisional process.

AFFIRMED