**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4106**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALPHONSO HARPER, a/k/a AJ,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   John T. Copenhaver, Jr., District Judge.  (2:09-cr-00179-1)

———————

Submitted:  August 4, 2011        Decided:  August 16, 2011

———————

Before NEIMEYER, SHEDD, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.   R. Booth Goodwin II, United States Attorney, William B. King, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alphonso Harper, pursuant to a written plea agreement, pleaded guilty to aiding and abetting the distribution of five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court denied Harper a three-level sentence reduction for acceptance of responsibility and issued a two-level sentence enhancement for obstruction of justice. Harper was then sentenced at the bottom of the Guidelines range to 121 months' imprisonment. Harper appeals his sentence, arguing that the district court erred in (1) attributing eleven ounces of crack cocaine as relevant conduct, (2) denying Harper a reduction for acceptance of responsibility, and (3) enhancing the sentence for obstruction of justice. We affirm.

We review Harper's sentence for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . or selecting a sentence based on clearly erroneous facts." Id. Harper claims that the district court committed procedural error by improperly calculating his offense level.

We first address Harper's claim that the district court erred in its determination of attributable drug quantity.

2

The Government must establish the quantity of drugs attributable to a defendant by a preponderance of the evidence and may do so through the introduction of relevant and reliable evidence. United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). "Determinations regarding the quantity of cocaine base to be considered as relevant conduct for purposes of calculating a base offense level are factual in nature and subject to the clearly erroneous standard of review." United States v. Williams, 977 F.2d 866, 869 (4th Cir. 1992). Factual findings based on a district court's assessment of witness credibility deserve "the highest degree of appellate deference." United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009).

Harper contends that Brandi Adkins, his girlfriend and mother of his child, did not provide credible testimony regarding the amount of crack cocaine Harper sold. In particular, Harper notes that the cocaine estimates given in Adkins's first statement shortly after being arrested differ from the estimates she testified to during Harper's sentencing hearing. We do not find Harper's argument persuasive.

Here, the district court recognized the inconsistencies in Adkins's statements and accepted her explanation for the discrepancies, as did the probation officer who also deemed Adkins a credible witness. A confidential informant, Judith Ashworth, testified as well, and corroborated

3

Adkins's testimony. To make the drug quantity determination, the district court used a conservative estimate provided by Adkins regarding the quantity of crack cocaine distributed by Harper during a two-week period. The district court also took care to not double count the drug quantity, and the record reveals that Harper's involvement with distributing crack cocaine was more substantial than that encompassed by the two-week period attributed as relevant conduct. The district court thus considered sufficient evidence and assessed witness credibility in a reasonable manner. Therefore, we conclude that the district court did not clearly err in calculating the drug quantity attributable to Harper.

Nor did the district court err in denying Harper a downward adjustment for acceptance of responsibility. A district court's decision concerning an acceptance of responsibility adjustment is reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). We give due deference to the district court's decision, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." USSG § 3E1.1 cmt. n.5.

The Guidelines allow a district court to reduce the defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." Id. § 3E1.1(a).

4

Note 1 to § 3E1.1 lists a number of factors that may be considered in making this determination, including whether the defendant admitted the offense conduct and voluntarily terminated criminal conduct. While the commentary explains that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility," it also states that "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Id. § 3E1.1 cmt. n.3. The defendant must prove to the court by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). A guilty plea may be evidence of acceptance, but "it does not, standing alone, entitle a defendant to a reduction as a matter of right." United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989).

Harper contends that his guilty plea and cooperation with the terms of his plea agreement should earn him the acceptance of responsibility reduction. He also argues that there are no credible witnesses to verify the assault allegations made against him while awaiting sentencing. However, the district court heard multiple witnesses testify

5

about Harper's involvement in assaulting fellow inmates while awaiting sentencing. A wheelchair-bound diabetic, Kerney Thornsbury, and a West Virginia state trooper testified that Harper served as the ringleader and lookout as two other inmates assaulted Thornsbury and took his commissary items. The district judge also heard testimony from three other inmates detailing incidents in which Harper had assaulted them. As a result, the district court found that Harper had not terminated his criminal conduct and was not deserving of a downward adjustment for acceptance of responsibility. We agree.

Lastly, we review Harper's contention that the district court clearly erred by issuing a two-level enhancement for obstruction of justice. Factual findings providing the basis for the application of an obstruction of justice sentence enhancement will not be disturbed unless the district court committed clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). Moreover, such findings based on a district court's assessment of witness credibility deserve "the highest degree of appellate deference." Thompson, 554 F.3d at 452.

Pursuant to USSG § 3C1.1, a defendant may receive a two-point enhancement to his base offense level "if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect

to the investigation, prosecution, or sentencing of the instant offense of conviction." The Guidelines also provide a non-exhaustive list of examples of prohibited conduct, including, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." Id. § 3C1.1 cmt. n.4.

During sentencing, Adkins and Scottie Clay, one of the assaulted inmates, described how Harper requested that they write false letters in an attempt to reduce his sentence. Adkins testified that after her sentencing hearing, Harper convinced her to write his lawyer accepting full responsibility for the drugs and absolving Harper. Adkins's letter was submitted by Harper's lawyer at the sentencing hearing, and Adkins testified that the contents of the letter were false. Similarly, Clay testified that Harper pressured him into writing a letter absolving Harper from all responsibility for the alleged assaults. Significantly, Harper's requests to Adkins and Clay came shortly after Harper learned that he would not receive an acceptance of responsibility reduction due to his alleged assaults. We conclude that the evidence supports the district court's finding that Harper attempted to obstruct and impede the administration of justice with respect to his sentencing, and we affirm its decision to issue a two-level enhancement.

7

Accordingly, because the district court's findings on relevant conduct, acceptance of responsibility, and obstruction of justice do not constitute clear error, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED