**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4878**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL ANTONIO WRIGHT, a/k/a Bugg, a/k/a Derrick Antonio
Wright,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.   (3:12-cr-00040-JFA-4)

_____

Submitted:  May 28, 2013            Decided:  June 6, 2013

_____

Before WILKINSON, DAVIS, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Craig, CRAIG LAW FIRM, PC, Columbia, South Carolina,
for Appellant.   William N. Nettles, United States Attorney,
William K. Witherspoon, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Wright pled guilty to conspiracy to commit armed robbery, 18 U.S.C. § 1951(a) (2006), and aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), 2 (2006). He received a sentence of thirty-seven months' imprisonment for the conspiracy conviction and a consecutive eighty-four-month sentence for the § 924(c) conviction. Wright appeals, contending that the district court erred in ruling that he played more than a minor role in the offenses and that an enhancement for abduction was applicable. U.S. Sentencing Guidelines Manual §§ 3B1.2(b), 2B3.1(b)(4)(A) (2011). We affirm.

Wright was employed at a Wild Wing Cafe in Columbia, South Carolina. He agreed to help Jamario Ford, Alfred Turnipseed, and Carl Woods rob the restaurant. Wright provided information about security at the restaurant, who would be present, the location of the manager's office, and where they would find the safe. Wright's role was to open the back door when the robbers knocked, but the manager unexpectedly went out the back door to the dumpster, where the robbers had assembled. They forced the manager back inside the building at gunpoint and ordered him to take them to the office and open the safe. On the way to the office, the robbers encountered Wright and

2

another employee, who were told to lie on the floor.  Turnipseed stole a cell phone from the employee.  From the safe, the robbers obtained a total of $9956.

Although the probation officer recommended that Wright had a minor role in the offenses, the district court determined that Wright was more than a minor participant, see USSG § 3B1.2(b).  The court also overruled Wright's objection to an enhancement for the abduction of a person to facilitate the offense, see USSG § 2B3.1(b)(4)(A).

We review sentences for procedural and substantive reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  Miscalculation of the Guidelines range is a significant procedural error.  Id. Although role adjustments are generally reviewed for clear error, see United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996), when the facts are not contested, the issue is a legal one and review is de novo.  United States v. Butner, 277 F.3d 481, 488 (4th Cir. 2002).

A defendant is eligible for a mitigating role adjustment if he is "substantially less culpable than the average participant."  USSG § 3B1.2 cmt. n.3(A).  The minor role adjustment applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."  USSG § 3B1.2(b) cmt. n.5.  While the determination

3

of whether the defendant played a minor role depends in part on a comparison of his conduct with that of other participants, the "critical inquiry is . . . not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (noting that a court must measure defendant's individual acts and relative culpability against the elements of the offense) (citations omitted). The defendant has the burden of showing by a preponderance of the evidence that he played a minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999).

Applying these principles, we conclude that the district court did not err in concluding that the minor role adjustment was not applicable in Wright's case. Wright provided material assistance to the robbers by giving them critical information about security at the restaurant and its operation, and assurance that they would have easy access at the back door. This level of participation and culpability was not minimal.

With respect to the abduction enhancement, a victim is "abducted" if he is "forced to accompany an offender to a different location." USSG § 1B1.1 cmt. n.1(A). "[M]ovement within the confines of a single building can constitute movement to a different location . . . ." United States v. Osborne, 514

4

F.3d 377, 389-90 (4th Cir. 2008) (internal quotation marks omitted), and "even a temporary abduction can constitute an abduction for purposes of the sentencing guidelines." United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996). We have adopted a "flexible, case by case approach to determining when movement to a different location has occurred." Osborne, 514 F.3d at 390. (internal quotation marks omitted).

Wright contends that the robbers' forced movement of the manager from outside to his office inside the restaurant in committing the robbery was not clearly an abduction within the meaning of the Guidelines, as interpreted in Osborne, and that the district court should have conducted a more nuanced analysis of the robbers' actions. Wright also claims that the movement of the manager was not sufficient to constitute an abduction and that, in any case, the robbers' action was not reasonably foreseeable to him, as required under USSG § 1B1.3(a)(1)(B), for it to be relevant conduct. However, the district court found that, even if the robbery had gone according to plan and Wright had opened the back door to admit his associates, they would likely have had to order the manager to go from a location inside the restaurant to the office so he could open the safe. We are satisfied that the district court's finding on this point was not clearly erroneous or unduly speculative. Thus, the forced movement of the manager by the robbers to execute the

5

robbery was foreseeable to Wright. We conclude that the district court did not err in so concluding, and that the abduction enhancement applied.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED